A. CALDER, *Plaintiff in Error*, v. THE CITY OF PENSACOLA, A MUNICIPAL CORPORATION, *Defendant in Error*.

Opinion Filed March 11, 1921.

In view of the allegations of the declaration as to assumption by the City of Pensacola of the duty to keep a light at a stated point of danger on a street, taken in connection with the duty of the city to maintain the streets in a reasonably safe condition, and of the allegations of negligence in permitting the light to remain out, and the streets at the point mentioned to remain in darkness, of which the defendant city knew or should have known, the declaration does not wholly fail to state a cause of action for an alleged injury proximately resulting from the stated negligence, and the demurrer to the declaration should have been overruled.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Judgment reversed.

*John P. Stokes*, for Plaintiff in Error;

*John B. Jones*, for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows:

"A. Calder, by John P. Stokes, his attorney, sues the City of Pensacola, a municipal corporation existing in Escambia County, Florida, under and by virtue of a Special Act of the Legislature of the State of Florida, for that, to-wit:

"On July 15th, A. D. 1919, the defendant was in possession of, and had under its control, two public streets in said City of Pensacola, both of said streets paved, and used as public thoroughfares by large numbers of persons traveling on foot and in vehicles, one of said streets being called Palafox street, and running in a northerly and southerly direction, and the other of said streets being called Gadsden street, and running in an easterly and westerly direction, across said Palafox street at right angles; that, said Palafox street was the principal street in said city and extended in a southerly direction to said Gadsden street, and ended on the south side of said Gadsden street, on which abutted a certain public square, not open to, and not used by, persons traveling in vehicles; that, it was necessary that persons traveling in vehicles south on said Palafox street should turn either in an easterly or westerly direction on reaching said Gadsden street, because said Palafox street, at said point, abruptly ended, and because said public square abutted said Gadsden street at said point; that, after dark, in the absence of artificial light, said streets, at said point, were dark, and, because it was necessary that persons traveling in vehicles south on Palafox street should turn either in an easterly or westerly direction on said Gadsden street, said streets, at said point, were dangerous to persons traveling in vehicles who were unaware, or unmindful of, the fact that said Palafox street ceased and ended at said

11—Vol. 81

point; that, under the terms of the Act of the Legislature of the State of Florida conferring powers upon the defendant, the defendant was authorized and empowered to illuminate with artificial light the streets in its possession and under its control, and in pursuance of said authority, the defendant, before the date alleged, did cause to be placed in said Gadsden street, at the point where said Palafox street entered said Gadsden street and ended, an upright pole, one end of which was planted in the earth and the other of which extended up above the surface of said streets some fifteen feet, from the upper end of which defendant, for a long period of time before the date alleged, customarily caused to be suspended and illuminated after dark a certain large electric light by means of which persons traveling in vehicles south on said Palafox street to said Gadsden street might readily see the presence of said pole, and the fact that said Palafox street abruptly ended at said point, and that said public square abutted said point, and that it was necessary to turn either in an easterly or westerly direction on said Gadsden street; that, on the date aforesaid, after dark, said electric light was out and said streets, at said point, were in darkness, and persons traveling in vehicles south on said Palafox street to said Gadsden street could not readily see the said pole in said Gadsden street, and could not readily see that said Palafox street abruptly ended at said point, and that said public square abutted said point, and that it was necessary to turn either in an easterly or westerly direction on said Gadsden street, and that defendant knew, or should have known, that said light was out, and said streets were in darkness, and that said streets, at said point, when in such darkness, were a menace to the lives and safety of persons traveling in vehicles south on said Palafox street to said point,

but the defendant carelessly and negligently suffered and permitted said light to remain out and said streets, at said point, to remain in darkness, and to remain a menace to the lives and safety of persons traveling in vehicles south on said Palafox street to said Gadsden street; that, on the date aforesaid, after dark, plaintiff's automobile, worth sixteen hundred and seventy-five ($1,675.00) dollars, driven by another person, which was moving south on said Palafox street to said Gadsden street, and because of defendant's negligence alleged the person who was driving said automobile did not turn said automobile in an easterly or westerly direction on said Gadsden street, when said automobile reached the point where it should have been so turned, and because of the negligence of defendant alleged the person driving said automobile was lead to believe, and did believe, that it was reasonably safe to proceed south on said Palafox street, and that said Palafox street did not abruptly end at said point, and that it was not necessary to turn said automobile either in an easterly or westerly direction on said Gadsden street, and as the result the driver of said automobile continued south on said Palafox street and did not turn either in an easterly or westerly direction on said Gadsden street, and ran into and collided with the said pole, striking the same with great force and violence, injuring and damaging said automobile to the amount of twelve hundred ($1,200.00) dollars.

"And the plaintiff claims two thousand ($2,000.00) dollars."

A demurrer was interposed on grounds that:

"1. The facts alleged are not sufficient to constitute a cause of action against said defendant.

"2. Said declaration fails to allege any actionable

negligence of said defendant that was the proximate cause of the alleged injury of said plaintiff.

"3. The lighting of said portion of street as alleged was a governmental function under the Charter of said city, and said declaration does not allege facts sufficient to show that defendant in the exercise of said function omitted, or committed, any act, illegally or negligently, that was the proximate cause of the alleged injury.

"4. Said declaration fails to allege facts to show that it was the duty of said defendant to keep and maintain said electric light or other artificial light, at the point where and at the time it is alleged said plaintiff was injured.

"5. The facts alleged are not sufficient to show that absence of artificial light at the place alleged was the proximate cause of said injury.

"6. The facts alleged are not sufficient to show any negligence of said defendant in permitting or suffering said portion of street to be without artificial light at the time of the alleged injury.

"7. The facts alleged are not sufficient to show that said defendant 'suffered, or permitted said light to remain out, and said street to remain in darkness,' for such length of time and under such circumstances as is legally necessary to charge actionable negligence against said defendant."

The demurrer was sustained and judgment for the defendant was rendered thereon as folows:

"This cause came on to be heard upon the defendant's demurrer to the plaintiff's declaration, and after argument of counsel, the court being fully advised in the premises, it is ordered and adjudged that defendant's demurrer

to plaintiff's declaration be, and the same is, hereby sustained; and the plaintiff having refused to plead further, it is ordered and adjudged that the plaintiff do take nothing by his writ, and that the defendant go hence without day, and that the defendant to recover of the plaintiff the cost of this suit as taxed by the Clerk."

In view of the peculiar conditions alleged as to the location and termination of the public street where the injury occurred, and of the allegations as to the assumption by the city of the duty to keep a light at the point of danger, taken in connection with the duty of the city to maintain the streets in a reasonably safe condition, and of the allegations of negligence in permitting the light to remain out, and the streets at the point to remain in darkness, of which the defendant city knew or should have known, it cannot be said that the declaration wholly fails to state a cause of action. It was, therefore, error to sustain the demurrer to the declaration; and the judgment rendered is reversed for appropriate proceedings.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.